IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KIMBERLY JOY LARA,** § | | |
| § | | |
| **Plaintiff,** § | **CIVIL ACTION NO.** | |
| v. § | | |
| § | **SA-06-CA-626 RF** | |
| **DEPARTMENT OF THE AIR FORCE,** § | | |
| § | | |
| **Defendant.** § | | |

## ORDER *DENYING* REQUEST FOR APPOINTMENT OF COUNSEL

### I. Introduction

Plaintiff, Kimberly Lara, was an employee of the Department of the Air Force ("AF"). In her Complaint plaintiff asserts that defendant continuously assigned her duties incompatible with her medical restrictions and wrongfully terminated plaintiff on or about February 2004. Plaintiff contends that her dismissal violated the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12102 *et seq*.

By the instant motion (Docket Entry 2), plaintiff now requests that I appoint counsel to assist her in prosecuting her case. For the reasons set forth below, her request is denied.

### II. Discussion

Title VII, provides that "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."[1] Although this section grants the right to request an attorney, it does not confer a right to actually have one

---

[1] 42 U.S.C. § 2000e-5(f)(1). Requests for appointment of counsel in cases arising under the Americans with Disabilities Act are analyzed by the same criteria as requests for appointment of counsel in cases arising under Title VII of the Civil Rights Act. **See Johnson v. City of Port Arthur**, 892 F.Supp. 835, 840 (E.D. Tex. 1995).

Dockets.Justia.com

appointed. The decision whether to appoint an attorney is one within the broad discretion of the trial judge given the particular facts of the case.[2] The following three factors are generally balanced by courts in determining whether to appoint an attorney: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel.[3] Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney, and the Fifth Circuit has recognized the correctness of such further inquiry.[4]

### A. Ability to Present Case

From the pleadings and the supporting documents found in the record, plaintiff appears to have the ability to litigate her case without the need of an attorney. She has an 11th grade education and her submissions to the court reflect that she possesses the ability to explain the factual circumstances underlying her complaint in a succinct and clear manner. It does not appear likely at this early juncture of the case that presentation of plaintiff's case will require knowledge of complex legal issues.

Based on the limited scope of the legal issues presented in this proceeding and the adequate job plaintiff has done to this point of presenting her case *pro se* in federal court, I conclude that this factor weighs against granting plaintiff's motion for appointment of counsel.

---

[2] **Gonzalez v. Carlin**, 907 F.2d 573, 579 (5th Cir. 1990); and **Reado v. Texas General Land Office**, 929 F. Supp. 1046, 1051-52 (E.D. Tex. 1996) (district court adopted magistrate's recommendation denying appointment of counsel to plaintiff who had brought claims under Title VII and the ADEA).

[3] **Gonzalez v. Carlin**, 907 F.2d at 580; and **Reado**, 929 F. Supp. at 1052. See also **Salmon v. Corpus Christi Indep. Sch. Dist.**, 911 F.2d 1165, 1166 (5th Cir. 1990); and **Neal v. IAM Local Lodge 2386**, 722 F.2d 247, 250 (5th Cir. 1984).

[4] **Salmon**, 911 F.2d at 1166-67; and **Reado**, 929 F. Supp. at 1052.

### B. Efforts to Secure Counsel

The second factor I must weigh in deciding whether to appoint counsel is the plaintiff's own efforts to secure counsel. A plaintiff must make a reasonable effort to secure counsel on her own. In this case, plaintiff indicated that she contacted the Law Offices of Wayne Wright, but that firm was unable to take her case because it was federal in nature. Aside from contacting the Law Offices of Wayne Wright, plaintiff has made no other inquiries to private attorneys, legal aid associations, or lawyer referral services. Plaintiff's efforts to secure her own counsel are inadequate, and weigh against her request for appointment of counsel.

### C. Financial Ability to Retain Private Counsel

In analyzing this factor, a showing of poverty equal to that which is necessary to support a motion to proceed *in forma pauperis* is not required.[5] There need only be insufficient assets and income to enable plaintiff to afford an attorney to investigate and file her claim.

Plaintiff submitted a financial affidavit in support of her motion to proceed *in forma pauperis*. In her financial affidavit, plaintiff indicated that she is not currently employed and receives only $197.00 per month in government assistance. She further stated that she has no assets, liquid or otherwise. Finally, plaintiff indicated that she has one minor child and that her monthly expenses, consisting of rent and utilities, total $475.00. Based on the information plaintiff presented, it is clear that her present financial circumstances do not allow her income sufficient to retain counsel. Because plaintiff appears to have insufficient assets and income to enable her to afford an attorney, I find that plaintiff's financial ability to retain private counsel weighs in favor of her request for appointment of counsel.

---

[5] **Reado**, 929 F. Supp. at 1053 (citing **Ivey v. Board of Regents**, 673 F.2d 266 (9th Cir. 1982)).

**D. Merits of the Case**

At this early juncture in the case, there is insufficient information to determine if plaintiff's complaint has merit. Accordingly, based on the limited record before me, the "merits of the case" do not weigh in favor of appointing counsel.

### III. Conclusion

The balance of factors weigh against plaintiff's request for appointment of counsel. Despite her financial inability to retain counsel, plaintiff has shown that she can, thus far, present her own case. After considering the relevant factors as discussed in this Order, plaintiff's request for appointment of counsel (Docket Entry 2) is **DENIED**.

**SIGNED** on August 3, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE