UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KIMBERLY JOY LARA,** § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| v. § | | |
| § | | SA-06-CA-0626 NN |
| **DEPARTMENT OF THE AIR FORCE,** § | | |
| § | | |
| Defendant. § | | |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This order addresses the motion for summary judgment[1] filed by the defendant—the Department of the Air Force (the government). The government filed the motion on September 14, 2007. Plaintiff Kimberly Lara failed to respond to the motion within the time permitted under the Local Rules for this district. After giving Lara two more opportunities to respond to the motion,[2] Lara failed to provide summary-judgment evidence raising a fact question about whether she is a qualified individual with a disability. Because no fact question exits, I grant the motion.

Lara sued the government after she was terminated from her job as a custodian.[3] Lara alleges that she was terminated because she became disabled after sustaining an on-the-job injury. Lara has sued the government under the Age Discrimination Act, but the Rehabilitation Act applies to her claim because Lara was a federal employee. Lara complains that the

---

[1] *See* docket entry # 18.

[2] *See* docket entry #s 22 & 25.

[3] *See* docket entry # 6.

government assigned her duties that are incompatible with her medical restriction and that the government required her to call in to request leave if she was going to be absent from work. Aside from suing based on complaints that are not actionable, no evidence raises a fact question about whether Lara is a qualified individual with a disability .

The government moved for summary judgment on several grounds—the first being that Lara is not a qualified individual with a disability.  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4]  The Rehabilitation Act provides as follows:

> No otherwise *qualified individual with a disability* . . . shall, solely by reason of her . . . disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . .[5]

To prevail under this provision, the plaintiff must prove that she is "qualified individual with a disability."  In determining whether a person is a "qualified individual with a disability," the court applies the Age Discrimination Act's definition of "disability."[6]  According to that definition, a person must have "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."[7]

---

[4] FED. R. CIV. P. 56(c).

[5] 29 U.S.C.A. § 794(a).

[6] *See* 29 U.S.C.A. § 791 (stating that the Americans with Disabilities Act's standards apply in determining whether the Rehabilitation Act has been violated).

[7] 42 U.S.C.A. § 12102(2)(A).

> The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.[8]

The government maintains that no evidence shows that Lara has a physical or mental impairment that substantially limits one or more of the major life activities.

To show that Lara doesn't have a physical or mental impairment that substantially limits one or more major life activities, the government presented the record from Lara's administrative proceeding in the Equal Employment Opportunity Commission (EEOC). "The administrative record and prior administrative findings may be admitted into evidence and it is appropriate for the district court to give them 'whatever weight the trial judge wishes to accord [them].'"[9] In this case, the administrative record for Lara's EEOC proceeding shows that she had the benefit of a full evidentiary hearing and was represented by an attorney. Lara will suffer no prejudice by my consideration of that record.

Lara complains about a disc bulge in her back, but the EEOC's administrative law judge (ALJ) found that Lara's back condition does not substantially limit any major life activity.[10] In particular, the ALJ stated as follows:

> Although Complainant's walking ability was somewhat limited, as well as the time she could stand, I did not hear any credible or corroborating evidence that this major life activity was substantially limited. I did not hear any evidence that showed Complainant, for example, was unable to brush her teeth, dress herself, cook meals, or perform similar life activities. As for the claimed limitations on her ability to work, there is insufficient evidence that she was substantially limited

---

[8] 29 C.F.R. § 1630.2(j)(1)(I).

[9] *Gutierrez v. Gates*, No. SA-05-CA-860-CV, at p. 13 (W.D. Tex. May 17, 2007) (order granting defendant's motion for summary judgment, docket entry # 50) (internal citation omitted).

[10] *See* docket entry # 18, exh 1, pp. 12-14 of the ALJ's bench decision.

> in her ability to perform entire classes of work tasks or jobs, with or without reasonable accommodation, as opposed to merely being limited in performing specific tasks.
>
> Not only did I not hear this kind of evidence during the hearing, Complainant did not make such evidence known to the Agency at anytime pertinent to this case. Also, there is nothing in the hearing record that would have put the Agency on notice that Complainant's physical impairment substantially limited major life activities.[11]

Like in the EEOC, Lara has presented no evidence indicating that she is substantially limited in a major life activity. In her response to the motion for summary judgment, Lara stated only that she was ready for trial.[12] Out of an abundance of caution, I reviewed the documents attached to Lara's complaint. Most of the documents record Lara's efforts to obtain worker's compensation and the medical records associated with her alleged on-the-job injury.

Rather than showing that Lara is substantially limited in a major life activity, the documents show that Lara is not substantially limited in a major life activity. Lara alleges that she sustained her on-the-job injury on June 18, 2003[13]—ostensibly rendering her disabled—but she did not report the injury until October 2, 2003. A worker's compensation medical report, dated January 18, 2006, states that Lara twisted her lower back while she was replacing a soap dispenser in an awkward position.[14] According to the report, a MRI of Lara's lumbar spine "was completely within normal limits," and a MRI of the thoracic spine "demonstrates a T7-T8 herniation that is touching the spinal cord." The results of the MRI of Lara's thoracic

---

[11]*Id*. at pp. 12-3.

[12]*See* docket entry # 27.

[13]*See* attachment to docket entry # 18, p. 75 of the transcript of Lara's hearing.

[14]*See* attachments to docket entry # 6.

spine—taken on December 22, 2005—stated that there were no other abnormalities of the T8/T9 disc, all other discs were normal, the spinal cord was normal, and the zygapophyseal joints and paraspinal were normal.  Lara's physician did not recommend surgery because her "symptomatology is minimal."  The physician recommended that Lara continue with physical therapy, lose some weight, and perhaps have some epidural injections.  Five weeks later—on February 27, 2006—the physician reported that physical therapy and an epidural steroid injection failed to assist in the management of Lara's pain and recommended surgery.  This evidence shows that Lara hurt her back, but it does not show that Lara is substantially limited in a major life activity.

When questioned during her EEOC hearing about how her back injury affects her ability to walk, Lara testified that, "[i]t was just hard to continue doing everything, just to walk for a long time."[15]  When questioned about her ability to stand, Lara stated that she "was limited.  I just couldn't stand and stand.  I had to sit down at certain times."[16]  About her ability to sit, Lara stated that her medical condition "just starts causing me pain.  Like the back just starts knotting up and just uncomfortable."[17]  About her ability to work, Lara testified that her medical condition caused her pain.[18]  She stated that her medical condition limited her from taking out the trash and cleaning toilets.[19]  At most, the summary-judgment evidence shows that Lara is restricted in her

---

[15]*See* attachment to docket entry # 18, p. 38 of the transcript of Lara's hearing.

[16]*Id*. at p. 39.

[17]*Id*.

[18]*Id*.

[19]*Id*.

ability to perform her former job as a custodian, but the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.[20] The summary-judgment evidence does not raise a fact question about whether Lara is significantly restricted in her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. Because no evidence raises a fact question about whether Lara is substantially limited in a major life activity, Lara cannot show that she is disabled and the government is entitled to summary judgment. Consequently, I GRANT the motion for summary judgment (docket entry # 18).

    **SIGNED** on December 17, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] *See* 29 C.F.R. § 1630.2(j)(1)(I).